**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2139
_____

CHRISTOPHER R. HALL,
Appellant

v.

DETECTIVE SHAWN NISBIT; DETECTIVE RICHARD BEAGHLEY; OFFICER
RYAN HASARA; SERGEANT OSWALDO TOLEDO; OFFICER JOHN LANDES;
OFFICER RAYMOND TOWNSEND; OFFICER WILLIAM PLYMOUTH;
SERGEANT SHAWN WILLIAMS; OFFICER JEFFREY ANDERSON; SERGEANT
RICHARD KONDAN; SERGEANT SHANE LAROSA; OFFICER ROBERT HILL,
JR.; OFFICER RYAN BROWN; OFFICER OFC. AMMATURO; OFFICER OFC.
FARLEY; OFFICER OFC. NYMAN; ABINGTON TOWNSHIP POLICE
DEPARTMENT; MUNICIPAL TOWNSHIP BUILDING
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:19-cv-04382)
District Judge: Honorable Eduardo C. Robreno
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 12, 2022
Before: GREENAWAY, JR., PORTER and NYGAARD, Circuit Judges

(Opinion filed: February 11, 2022)
_____

OPINION[*]
_____

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se appellant Christopher Hall appeals from the District Court's order granting summary judgment to the Appellees in a civil rights action he brought under 42 U.S.C. § 1983. We will affirm the District Court's order in part, vacate in part, and remand for further proceedings.

In December 2017, police responded to a report that several people were arguing outside Hall's residence. By the time police arrived, none of those persons were outside. After responding officers allegedly heard a woman screaming and loud movements coming from inside the house, they broke down the door and conducted a "sweep" of the residence. Police had been informed that Hall resided at the home and that he was wanted on an outstanding warrant for aggravated assault. While they did not find him there, police did spot marijuana plants in a bedroom. Appellee Nisbit obtained a warrant to search the house. As a result of the search, police recovered guns (some stolen), ammunition, marijuana plants, and digital scales, among other things. Hall was eventually arrested and found guilty by a jury of six counts of illegal possession of a firearm, two counts of narcotics violations, and three counts of receiving stolen property. He is currently serving a 13-to-28-year prison sentence.

After his conviction and sentencing, Hall filed a civil rights lawsuit under 42 U.S.C. § 1983 in state court, and Appellees successfully removed the action to federal court. Hall disputed the officers' version of events and claimed that they lacked a factual or legal basis to force entry to the house and perform a search. He also contended that

2

police officers falsified police reports, seized his property using an illegal warrant, swore a probable cause affidavit containing false statements, were not properly trained, and falsely arrested him. He asserted violations of his rights under the First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments to the U.S. Constitution, a Monell[1] claim, and pendent state law tort claims, and he sought declaratory, injunctive, and monetary relief. After the parties conducted discovery, Appellees moved for summary judgment. The District Court granted summary judgment in Appellees' favor. The District Court explained that the favorable termination rule in the U.S. Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), barred Hall from obtaining relief via his § 1983 lawsuit. See Dist. Ct. Order entered May 25, 2021, at 1-2 n.1. Hall filed this timely appeal.

We have jurisdiction under 28 U.S.C. § 1291 and review the District Court's order granting summary judgment de novo. See S.H. ex rel. Durrell v. Lower Merion Sch. Dist., 729 F.3d 248, 256 (3d Cir. 2013). Summary judgment is proper when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Kaucher v. Cty. of Bucks, 455 F.3d 418, 422-23 (3d Cir. 2006). We may affirm on any basis supported by the record. See Fairview Twp. v. EPA, 773 F.2d 517, 525 n.15 (3d Cir. 1985).

In Heck, the Supreme Court held that a plaintiff is barred from bringing a civil rights action under § 1983 if the success of that lawsuit would necessarily imply the

---

[1] Monell v. Dep't. of Soc. Servs., 436 U.S. 658, 694 (1978).

invalidity of the prisoner's conviction.  See Heck, 512 U.S. at 487.  In those circumstances, a plaintiff "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  Id. at 486-87.  Because Hall did not show that his convictions or sentence had been reversed, expunged, declared invalid, or that a writ of habeas corpus under § 2254 had issued, the District Court concluded that Heck barred all claims in Hall's complaint.  See Dist. Ct. Order at 1-2 n.1.

However, we have explained that "the Heck bar is applicable only when, at the time the § 1983 suit would normally accrue, there is an existing criminal conviction." Dique v. N.J. State Police, 603 F.3d 181, 187 (3d Cir. 2010) (discussing Wallace v. Kato, 549 U.S. 384 (2007)).  Thus, Heck does bar Hall's claim of false arrest.  See id.  Nor does it bar Hall's claims of illegal search, which also accrued before his conviction.  See Estate of Lagano v. Bergen Cty. Prosecutor's Office, 769 F.3d 850, 861 (3d Cir. 2014) (illegal-search claim accrues when plaintiff is aware of harm); see also Smith v. City of Chicago, 3 F.4th 332, 339 (7th Cir. 2021) ("Fourth Amendment claims are not subject to the Heck bar because they 'merely anticipate' convictions and can accrue when the Fourth Amendment harm has ended[.]").  Therefore, we will vacate the District

4

Court's grant of judgment to the individual defendants[2] on Hall's Fourth Amendment claims.

However, we will affirm the District Court's judgment with respect to the rest of Hall's constitutional claims on other bases. Summary judgment was appropriate on Hall's due process claims under the Fifth and the Fourteenth Amendments. The Fifth Amendment Due Process Clause applies to federal officials, and none of the Appellees are. See Nguyen v. U.S. Catholic Conference, 719 F.2d 52, 54 (3d Cir. 1983) (per curiam); see also Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008). Hall's Fourteenth Amendment Due Process claim fails because Hall's claims concerning the search and arrest are appropriately considered under the Fourth Amendment, and "when government behavior is governed by a specific constitutional amendment, due process analysis is inappropriate." Berg v. Cnty. of Allegheny, 219 F.3d 261, 268 (3d Cir. 2000). The constitutionality of the search and arrest would be "governed by the Fourth Amendment rather than due process analysis." Id. at 268-69 (citing United States v. Lanier, 520 U.S. 259 n.7 (1997)); see also DeLade v. Cargan, 972 F.3d 207, 212 (3d Cir. 2020); Doe v. Groody, 361 F.3d 232, 238 n.3 (3d Cir. 2004).

As for Hall's First, Sixth, Eighth, and Ninth Amendment claims, summary judgment was appropriate because Hall did not explain the relevance of those provisions or present evidence to support the claims. See Razak v. Uber Techs, Inc., 951 F.3d 137,

---

[2] While Hall also asserted a Monell claim, he failed to present evidence that any of the defendants' conduct was based on a policy or custom, and the institutional defendants are

144 (3d Cir. 2020) (explaining that party opposing summary judgment cannot rely on speculation and conclusory allegations).

It appears that Hall also asserted state-law claims, which the District Court did not specifically address. We interpret the District Court to have declined to exercise supplemental jurisdiction over Hall's claims under state law upon granting judgment to the defendants on all of the federal claims. See 28 U.S.C. § 1367(c)(3). Because our decision to remand this matter as to Hall's Fourth Amendment claims means that not all claims over which the District Court has original jurisdiction have been denied, we will also vacate and remand the District Court's order as to supplemental jurisdiction.

Accordingly, we will vacate the District Court's judgment to the extent that it granted judgment to the individual defendants on Hall's Fourth Amendment claims and dismissed the state law claims, affirm in all other respects, and remand for further proceedings.

---

therefore entitled to summary judgment.